BAYLES v. DUNN, Treasurer.

(Circuit Court of Appeals, Seventh Circuit. May 6, 1902.)

No. 838.

1. TAXATION—SUIT TO ENJOIN COLLECTION OF TAXES—WHO MAY MAINTAIN.
    A holder of bonds of a corporation secured by mortgage has no standing to maintain a suit to restrain the collection of taxes assessed against the mortgaged property, unless he alleges in his bill that he is the mortgagee, or, if not, that the mortgagee refuses to act, and joins him as a defendant.

Appeal from the Circuit Court of the United States for the Southern District of Illinois.

Logan Hay, for appellant.
Orville F. Berry, for appellee.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

PER CURIAM. Appellant filed his bill of complaint to restrain appellee, as treasurer of Hancock county, Ill., from collecting taxes as-

sessed against the Keokuk & Hamilton Bridge Company. A temporary restraining order was granted without notice. At the hearing on the application for a temporary injunction, the application was denied, the temporary restraining order was dissolved, and the bill was dismissed for want of equity.

Appellant alleged "that the bridge company issued a large number of bonds, and to secure the payment thereof it mortgaged all its franchises and other property of whatever kind; that the said mortgage is now a valid and subsisting lien on the property so mortgaged; that your orator is the holder and legal owner of a large number of the said bonds secured by the said mortgage, and as the holder of said bonds your orator has an interest in the said mortgaged property." To whom the mortgage was executed is not stated. Appellant, to be authorized to maintain this suit in his own name and right, should have shown either that he was the mortgagee, or, if he was not, that the legal owner of the mortgage refused to act, and such mortgagee should have been made a party defendant to answer such allegation. In the bill no facts are alleged under which the appellant had any standing in court. 1 Bates, Fed. Eq. Proc. § 49 et seq.

The decree is affirmed.